UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRUCE T. MALONE** | **CIVIL ACTION NO. 3:17-CV-853** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **JIM TUTEN, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff Bruce T. Malone, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 30, 2017. Plaintiff is a pre-trial detainee, currently confined at the Lincoln Parish Detention Center (LPDC) in Ruston, Louisiana. He claims that he was denied medical care and names as defendants LPDC Warden Jim Tuten, Ouachita Correctional Center (OCC) Warden Pat Johnson, Lt. Kelly, Sgt. Powell and Sgt. Freeman, seeking compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted

*Statement of the Case*

According to his complaint, plaintiff and other inmates were transferred from OCC to LPDC on May 16, 2017, to attend court hearings. While exiting the transport van, plaintiff alleges that while in full restraint gear, he was pushed out of the van and onto the concrete pavement by Sgt. Powell. When asked why he pushed plaintiff, Sgt. Powell stated that he wasn't trying to push him, but rather trying to hold on to him while he was getting out of the van.

Plaintiff immediately requested medical assistance after the incident.

Upon returning from court, plaintiff informed Sgt. Freeman at LPDC that he needed medical

attention, as his back, neck, head, shoulder, knee and right side of his body were hurt. Freeman allegedly denied his request. He then approached supervisor Sgt. Kelly concerning the incident; Kelly told him he could not help him with his problem and to that he should take it up with the OCC staff.

Plaintiff returned to OCC that evening between 7-9 pm and informed Deputy Smith, of OCC Security Staff, that he needed medical attention. He was escorted to the nurse who examined his knee, back, shoulder, head and neck. She cleaned and bandaged a scrape on his knee and stated, "You will be alright. You can go now Mr. Malone."

## *Law and Analysis*

### *1. Screening*

When suit was filed, plaintiff was a prisoner who had been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556

2

U.S. 662, 678 (2009

### 2. *Medical Care*

As a pretrial detainee, plaintiff's constitutional rights flow from the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. Because they have not yet been convicted of the crime with which they are charged, pretrial detainees have a due process right not to be punished for that crime. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). Plaintiff's complaint is directed to an episodic act or omission. Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show both that he suffered a sufficiently serious deprivation and that this deprivation was brought about by the deliberate indifference of prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th

Cir.2001) (citation omitted).

Plaintiff has made no such showing. By his own admission, he was treated by a nurse on the same day as the incident. He was examined and his scrape was cleaned and bandaged. Accordingly, plaintiff has failed to state a claim upon which relief may be granted.

To the extent that plaintiff claims there was a delay in his medical care, a "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Id.*

Plaintiff's allegations herein are insufficient and his complaint falls far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. Moreover, he has not identified any "serious harm" that befell him as a result of waiting until he returned to OCC to see a nurse. Again, he fails to state a claim for which relief may be granted.

### 3. *Mental Anguish/Emotional Pain and Suffering*

Finally, plaintiff prays to be compensated for his mental anguish and emotional pain and suffering. 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff has not alleged any injury more serious that a scrape on his knee and some pain on the right side of his body.

4

In *Luong v. Hatt,* 979 F.Supp. 481 (N.D. Tex.1997), the court analyzed the "physical injury" requirement in the context of excessive force or failure to protect claims. The court reasoned that the determination of whether or not an injury exceeds the *de minimis* threshold should be determined based upon how "... people in a free world setting in exercising their day-to-day medical care would treat such injuries." *Luong,* 979 F.Supp. at 486. The court reasoned,

> Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate *de minimis* standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?
>
> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care. Thus, the seriousness of the injury needed to rise about [sic] *de minimis*, would ... require more than the types and kinds of bruises and abrasions about which the Plaintiff complains. Injuries treatable at home and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e)."

*Id.*

Plaintiff complains only of a scraped knee and pain on the right side of his body following the fall. He concedes that he was treated by the nurse the day of the accident and makes no allegations of continuing pain or injury. Accordingly, relief for mental anguish and mental pain and suffering is not available.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS ALSO RECOMMENDED** that plaintiff's Motion to Request Summons [Rec. Doc. 13] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 18, 2017.

_____
KAREN L. HAYES
**UNITED STATES MAGISTRATE JUDGE**